IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DORETTA KING and J.R. KING, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| -vs- | ) Case No. _____ |
| | ) |
| WAL-MART STORES EAST I, LP, | ) |
| | ) |
|     Defendant. | ) |

COMPLAINT FOR DAMAGES

Come now the Plaintiffs, by and through his attorney, Michael Moroni, of the firm of Rice, Spaeth, Moroni & Heisserer, L.C., and for their cause of action against the Defendant states as follows:

COMMON COUNT

1. Plaintiff, Doretta King, is a resident of Cape Girardeau, Cape Girardeau County, Missouri and is a citizen of the State of Missouri.

2. Plaintiff, J.R. King, is a resident of the State of Missouri and is a citizen of the state of Missouri.

3. That at the time of the occurrence herein complained of Doretta King was in her 90's and J.R. King was in his 90's.

4. The Plaintiffs are lawfully married to each other.

1

5. Defendant, Wal-Mart Stores East I, LP, is a limited liability company formed under the laws of the State of Delaware, and duly authorized to do business in the State of Missouri, with C.T. Corporation System, 120 South Central Avenue, Clayton, St. Louis County, Missouri 63105 serving as the registered agent.

6. Defendant's principal place of business is in the State of Arkansas.

7. Defendant is a citizen of the State of Arkansas.

8. The damages claimed, exclusive and costs and interest, are in excess of $75,000.00.

9. This Court has jurisdiction based upon diversity of citizenship under 28 U.S.C. Sect. 1332 (a) (1).

10. DEMAND IS MADE FOR JURY TRIAL IN THIS CAUSE.

11. The Incident that is the basis of this suit occurred in Cape Girardeau County, Missouri which is in the Southeastern Division of this Court.

12. At all times herein relevant, the Defendant operated a retail store in the City of Cape Girardeau, Cape Girardeau, County Missouri, commonly known as the Walmart Supercenter #188, 3439 William St, Cape Girardeau, MO 63701 in which the Defendant invited the general public to enter and purchase items of food, clothing and other goods.

**COUNT I CLAIM OF DORETTA KING FOR DAMAGES FOR SUPPLYING DANGEROUS INSTRUMENTALITY**

13. Plaintiff, Doretta King, realleges and incorporated herein all allegations of the Common Count.

14. On or about June 3, 2022, the Plaintiff, Doretta King, visited the Defendant's store No 188 at 3439 William St. Cape Girardeau, MO for the purpose buying food items.

15. Plaintiff, Doretta King, purchased in excess of $100.00 in groceries on June 2022 from the defendant at the address listed in the previous paragraph.

16. As part of her shopping at the above store, the Plaintiff Doretta King, used one of the shopping carts owned and/or provided by the Defendant for the convenience of its shoppers for the placement of items to purchase and the same was a business purpose.

17. As part of her shopping on the above date at Wal-Mart, the Plaintiff, Doretta King, pushed the cart through the store and placed items in the cart.

18. After completing her shopping, the Plaintiff, Doretta King, checked out the groceries at the checkout aisle and paid for them.

19. An employee or agent of the defendant placed the items purchased into the shopping cart.

20. The plaintiff, Doretta King, then pushed the cart with the groceries from the place of checkout.

21. As the Plaintiff, Doretta King, was pushing the moving cart, one of the front wheels came off of the cart.

22. Due to the wheel coming off the cart, the cart tipped over and pulled the plaintiff, Doretta King, to the concrete floor.

23. As a direct and proximate result of the cart tipping and pulling the plaintiff, Doretta King, to the floor, the plaintiff, Doretta King, was injured as more specifically set forth herein.

24. The defendant was negligent and liable for the injuries sustained by the Plaintiff, Doretta King, for the following reasons:

   A. defendant supplied the shopping cart for use, and

   B. the shopping cart was in a defective condition such that the wheel would come off and cause the cart to tip or otherwise malfunction and was therefore dangerous when put to a reasonably expected use, and

   C. the shopping cart was put to a reasonably expected use, and

   D. defendant knew or in the exercise of ordinary care could have known of such dangerous condition, and

   E. defendant failed to exercise ordinary care to either make the condition reasonably safe or adequately warn of it, and or take the cart out of service, and

   F. as a direct result of such failure, plaintiff sustained damage

   G. Plaintiff, Doretta King, being an elderly lady used the cart for balance and stability and the defendant should have known that such persons shopped at its store and used its carts for such.

25. As a direct and proximate result of the negligence of the Defendant and/or dangerous condition of the Defendant's shopping cart as stated above, the Plaintiff, Doretta King, has been damaged in the following respects:

   A. She has lost her natural rest and sleep and will continue to do so,

   B. She has suffered and will continue to suffer physical pain,

   C. She has suffered mental pain and anguish and will continue to do so,

   D. She has been forced to expend large sums of money and in the future will be forced to further expend large sums of money for medical care and treatment to her right leg and pelvis and right arm.

   E. She has been bruised contused and made sore and lame and has suffered injuries to her right leg, a fractured pelvis and right arm injury requiring medical treatment and convalescence.

26. As direct and proximate result of the negligence and/or unreasonably dangerous condition of the store and shopping carts and the resulting injuries aforesaid the Plaintiff, Doretta King, has been damaged in a sum in excess of Seventy-Five Thousand Dollars and more particular in the sum of Seven Hundred and Fifty Thousand dollars.

WHEREFORE the Plaintiff, Doretta King, prays for Judgment in a fair and reasonable sum in excess of Seventy-Five thousand Dollars and more particularly in the sum of Seven Hundred and Fifty Thousand Dollars, for her costs herein incurred and for such other and further relief as to the Court may seem just and proper.

COUNT II

CLAIM FOR BREACH OF IMPLIED WARRANTY FOR A PARTICULAR PURPOSE

27. Plaintiff, Doretta King, realleges and incorporated herein all allegations of the Common Count.

28. On or about June 3, 2022, the Plaintiff, Doretta King, visited the Defendant's store No 188 at 3439 William St. Cape Girardeau, MO for the purpose buying food items.

29. Plaintiff, Doretta King, purchased in excess of $100.00 in groceries on June 2022 from the defendant at the address listed in the previous paragraph.

30. As part of her shopping at the above store, the Plaintiff Doretta King, used one of the shopping carts owned and/or provided by the Defendant for the convenience of its shoppers for the placement of items to purchase and the same was a business purpose.

6

31. As part of her shopping on the above date at Wal-Mart, the Plaintiff, Doretta King, pushed the cart through the store and placed items in the cart.

32. After completing her shopping, the Plaintiff, Doretta King, checked out the groceries at the checkout aisle and paid for them.

33. An employee or agent of the defendant placed the items purchased into the shopping cart.

34. The plaintiff, Doretta King, then pushed the cart with the groceries from the place of checkout.

35. As the Plaintiff, Doretta King, was pushing the moving cart, one of the front wheels came off of the cart.

36. Due to the wheel coming off the cart, the cart tipped over and pulled the plaintiff, Doretta King, to the concrete floor.

37. As a direct and proximate result of the cart tipping and pulling the plaintiff, Doretta King, to the floor, the plaintiff, Doretta King, was injured as more specifically set forth herein.

38. Defendant Walmart warrants that its shopping care are fit to use.

39. A reasonable person would assume and therefore it is implicitly warranted that the shopping carts are good and safe fit to use for shopping in its store.

40. The shopping carts are supplied by the Defendant in order to purchase items that it sells, thus the shopping cart is instrumental in sales and is a sale under for all purposes herein.

41. The defendant breached its duty and liable to the Plaintiff for the following reasons:

    A. defendant sold and or supplied a shopping cart, and

    B. defendant then knew or should have known of the use for which the Shopping cart was purchased and or provided, and

    C. plaintiff reasonably relied upon defendant's judgment that the shopping cart was fit for such use, and

    D. when sold and or supplied by defendant, the shopping cart was not fit for such use, and

    E. within a reasonable time after plaintiff knew or should have known the product was not fit for such use, plaintiff gave defendant notice thereof, and

    F. as a direct result of the shopping cart being unfit for such use, plaintiff was damaged.

42. As a direct and proximate result of the breach of warranty by the Defendant as stated above, the Plaintiff, Doretta King, has been damaged in the following respects:

A. She has lost her natural rest and sleep and will continue to do so,

B. She has suffered and will continue to suffer physical pain,

C. She has suffered mental pain and anguish and will continue to do so,

D. She has been forced to expend large sums of money and in the future will be forced to further expend large sums of money for medical care and treatment to her right leg and pelvis and right arm.

E. She has been bruised contused and made sore and lame and has suffered injuries to her right leg, a fractured pelvis and right arm injury requiring medical treatment and convalescence.

43. As direct and proximate result of the breach of warranty and the resulting injuries aforesaid the Plaintiff, Doretta King, has been damaged in a sum in excess of Seventy-Five Thousand Dollars and more particular in the sum of Seven Hundred and Fifty Thousand dollars.

COUNT III CLAIM OF J.R. KING FOR LOSS OF CONSORTIUM

44. Plaintiff J.R. King, realleges and incorporates the allegation of the Common Count, Count I and Count II of this Complaint.

45. Plaintiff, J.R. King, was at all times herein material the lawful husband of the Plaintiff, Doretta King.

46. Due to the long marriage of the Plaintiffs' Doretta King and her husband J.R. King and due to the age of both Plaintiffs, Plaintiff, J.R. King relied upon the services and consortium of his wife in the following respects:

47. Doretta King performed shopping, cleaning and other household duties for both Plaintiffs.

48. Doretta King provided companionship to J.R. King.

49. Doretta King often drove her husband about town for meetings, doctor appointments and other things.

50. JR King was reliant on Doretta king for his general health and comfort.

51. JR King has had to watch his wife suffer from the injuries sustained.

52. These damages will continue into the future.

53. As direct and proximate result of the negligence and/or unreasonably dangerous condition of the store and shopping carts and the resulting injuries aforesaid the Plaintiff, Doretta King, Plaintiff J.R. King has been damaged in a sum in excess of Seventy-Five thousand dollars and more particular in the sum of Two Hundred and Fifty Thousand dollars.

WHEREFORE the Plaintiff, J.R. King, prays for Judgment in a fair and reasonable sum in excess of Seventy-Five thousand Dollars and more particularly in the sum of Two Hundred and Fifty Thousand Dollars for his costs herein

incurred and for such other and further relief as to the Court may seem just and proper.

                Respectfully Submitted,
                Rice Spaeth Moroni & Heisserer, L.C.

                /s/ Michael Moroni
                _____
                Michael Moroni   EDMOBN 36560
                160 S. Broadview 4th Floor
                PO Box 1568
                Cape Girardeau, MO 63792-1568
                573-334-6061 (voice)
                573-334-0979 (facsimile)
                Michael_moroni1126@yahoo.com

                ATTORNEY FOR PLAINTIFFS