UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DORETTA KING and J.R. KING, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:22-CV-138-SNLJ |
| WAL-MART STORES EAST, LP | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs filed this personal injury action. Defendant moves to dismiss plaintiffs' claim for breach of implied warranty for a particular purpose (Count II of plaintiffs' complaint) for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6).[1]

**I.   Factual Background**

The relevant facts, which are accepted as true for a motion to dismiss, are simple and straightforward. Plaintiff Doretta King[2] visited a Wal-Mart store, owned and operated by defendant, in Cape Girardeau, Missouri. [Doc. 5 at ¶ 5.] Defendant owns and provides shopping carts for the convenience of shoppers. *Id.* at ¶ 16. Plaintiff used one of defendant's shopping carts during her visit to defendant's store. She loaded around $100-

---

[1] All rule references are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because the breach of warranty claim only pertains to plaintiff Doretta King, "plaintiff" refers to Doretta King and not to her husband, who has his own loss of consortium claim against defendant arising from the same set of operative facts.

worth of groceries, went to the register, made her purchase, and then pushed the cart away from the register. But while she was pushing, a wheel came off from her shopping cart, causing the cart to tip. Plaintiff, still holding the cart, fell to the concrete floor along with the cart. She was injured as a result. Plaintiff Doretta King now brings counts for ordinary negligence (Count I) and breach of implied warranty for a particular purpose (Count II), and plaintiff J.R. King brings a claim for loss of consortium (Count III).

## II. Motion to Dismiss for Failure to State a Claim

### A. Standard of Review

To survive dismissal under Rule 12(b)(6), plaintiff must allege enough facts that demonstrate a plausible basis for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts all facts alleged in the complaint as true. *Trooien v. Mansour*, 608 F.3d 1020, 1026 (8th Cir. 2010). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### B. Discussion

Both plaintiff and defendant agree that plaintiff's count for implied warranty is governed by Missouri's Uniform Commercial Code statute, Sec. 400.2-315, RSMo, [Doc. 11 at 2–3], which provides in pertinent part:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods there is unless

2

> excluded or modified under section 400.2-316 an implied warranty that the goods shall be fit for such purpose.

On its face, the statute refers to a contract for the sale of goods between a "seller" and a "buyer. The statute applies, plaintiff states, because "the shopping cart is instrumental in sales and is a sale under [sic] for all purposes herein," [Doc. 5 at ¶ 40], and the shopping cart "was in essence the packaging of the items and part of the sale process," [Doc. 14 at 5.] In furtherance of this theory, plaintiff's proposed verdict director is based on Sec. 400.2-315, RSMo. [Doc. 14 at 7–8] (quoting Mo. Approved Jury Instr. (Civil) 25.03 (8th ed)).

Despite the parties' agreement that the statute applies, on these facts, it appears to the Court that plaintiff's use of the shopping cart is more in the nature of a bailment, not a sale. The conventional definition of a bailment is a "delivery of personal property by one person (the *bailor*) to another (the *bailee*) who holds the property for a certain purpose. . . . Unlike a sale . . . a bailment involves a change in possession but not in title." *Bailment*, *Black's Law Dictionary*, (11th ed. 2019). Here, defendant allowed plaintiff to use defendant's personal property—the shopping cart—for the purpose of grocery shopping *without any change in title*. Despite plaintiff's characterization of her transaction as a sale, the Court concludes that this was merely a simple bailment, so Sec. 400.2-315 does not apply. In fact, no Missouri court has ever held that UCC Article 2 applies to simple bailments.

The A.L.R. supports this result, concluding that "the Article 2 sales warranties usually have not been regarded as directly applicable to bailments or chattel lease

3

transactions." Gary D. Spivey, Annotation, *Application of Warranty Provisions of Uniform Commercial Code to Bailments*, 48 A.L.R.3d 668, § 2(a) (2021). In those jurisdictions that have applied UCC Article 2 to chattel leases, the overwhelming number only apply it to lease contracts *analogous* to sales. *See, e.g.*, *KLPR TV, Inc. v. Visual Elecs. Corp.*, 465 F.2d 1382, 1385 (8th Cir. 1972), *affirming in part* 327 F. Supp. 315, 323–24 (W.D. Ark. 1971) (holding that Arkansas law applies UCC Article 2 to leases that are analogous to sales). Indeed, the A.L.R. cites no cases that apply UCC Article 2 to bailments that are not analogous to sales. *See generally* Gary D. Spivey, 48 A.L.R.3d 668 (collecting cases). Again, because this case presents a simple bailment that is not analogous to a sale, Sec. 400.2-315 does not apply.

Oddly, the parties' cited cases are rooted in common law strict liability, not UCC Article 2. *Katz v. Slade*, 460 S.W.2d 608 (Mo. 1970) (holding based on strict liability in tort); *Gabbard v. Stephenson's Orchard, Inc.*, 565 S.W.2d 753 (Mo. App. Kan. City 1978) (holding based on strict liability in tort). In fact, the Restatement (Third) of Torts—in explaining when strict liability *does not* apply to bailments—uses shopping carts as a prime example: "markets that supply shopping carts are not subject to strict products liability for harm caused by defects in those items." Restatement (Third) of Torts: Prod. Liab. § 20 cmt. f (Am. Law. Inst. 1998). Having determined that there is no implied warranty under Sec. 400.2-315 and that plaintiff relies on no other theory of liability, Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. 10] is GRANTED and Count II of plaintiff's complaint [Doc. 5] is DISMISSED without prejudice. Plaintiff will be given thirty (30) days leave to file an amended complaint.

Dated this 11th day of January, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE